**In re Robert J. MANTHEY, Jr., Debtor.**

**No. 00–12801.**

United States Bankruptcy Court,
N.D. California.

March 9, 2001.

**90**

David N. Chandler, Law Offices of David N. Chandler, Santa Rosa, CA, for debtor.

Philip G. Watson, Law Offices of W.G. Watson, Eureka, CA, for creditor.

### Memorandum of Decision

ALAN JAROSLOVSKY, Bankruptcy Judge.

Debtor Robert J. Manthey is an entertainment agent. He filed his first Chapter 13 petition on July 14, 1997. His plan was duly confirmed, and he made payments to the trustee for several years. In early 2000, two problems arose in that case.

First, creditor Courtney Roberts appeared on the scene asserting a prepetition claim which Manthey had not scheduled because he did not know it existed when he filed his petition three years earlier. Roberts operated a bar in Eureka, California. In 1997, he had entered into a contract with Manthey whereby Manthey supplied entertainment for Roberts' bar. The entertainers apparently performed lewd acts, resulting in license suspension proceedings against Roberts by the California Department of Alcoholic Beverages Con-

trol. Roberts brought suit against Manthey for his resulting damages.

The second to arise in the earlier Chapter 13 case was that the Internal Revenue Service filed an amended claim asserting additional priority tax debt. On May 26, 2000, the trustee filed a motion to dismiss the case on the grounds that it would take 103 months for Manthey to complete his plan, far in excess of the 60–month limit of § 1322(d) and § 1329(c) of the Bankruptcy Code.

After unsuccessfully attempting to deal with the two problems, Manthey elected not to oppose the trustee's motion to dismiss. The court granted that motion on October 30, 2000. Manthey filed his second Chapter 13 petition, commencing this case, on December 8, 2000.

Manthey's plan is now before the court. The only objecting party is Roberts, who alleges that the plan has not been proposed in good faith and accordingly should not be confirmed pursuant to 11–1325(a)(3) of the Bankruptcy Code. He alleges that Manthey's debt to him would be nondischargeable in Chapter 7, and that Manthey should not be allowed to file a new Chapter 13 after dismissal of the prior case.

 The court may, but need not, find bad faith where a debt to be discharged in Chapter 13 would be nondischargeable in a Chapter 7 case. The court has considered and declines to find bad faith based on this ground, as Roberts has made no prima facie showing that his claim would be nondischargeable in Chapter 7. In *Kawaauhau v. Geiger*, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998), the Supreme Court held that it is insufficient under § 523(a)(6)[1] to show that the debtor acted willfully and that the injury was negligently or recklessly inflicted; instead, it must be shown not only that the debtor

---

**1.** § 523(a)(6) is the only possible basis for Roberts to assert a nondischargeable claim.

acted willfully, but also that the debtor inflicted the injury willfully and maliciously rather than recklessly or negligently. Where the injury results from a breach of contract, the creditor must show either that the debtor had a subjective motive to inflict the injury or that the debtor believed that injury was substantially certain to occur as a result of his conduct. *In re Jercich*, 238 F.3d 1202, 1208 (9th Cir.2001). The court finds no basis for Roberts' bald assertions that Manthey intended to harm him, and accordingly declines to find bad faith based on this claim.

■ The court likewise declines to ascribe bad faith to Manthey's refiling after dismissal of his prior case. Section 109(g) of the Bankruptcy Code prescribes when a debtor is ineligible due to a prior case, and is not applicable to Manthey. Moreover, this is not a case where a debtor has abused the bankruptcy system by repeated filings. Two problems arose in the prior case which made its continuance pointless. Those problems are not an impediment to this case. The court finds no bad faith in what appears to be nothing more than a common-sense use of the Bankruptcy Code as intended by Congress.

Even if the court found merit to one or both of Roberts' grounds for objection it could still, considering all of the circumstances, confirm Manthey's plan. *In re Goeb*, 675 F.2d 1386, 1391 (9th Cir.1982); *In re Warren*, 89 B.R. 87, 93 (9th Cir. BAP 1988). Since the court finds no merit to either of the asserted indicia of bad faith, there is no basis for denying confirmation. Accordingly, Roberts' objection will be overruled and the plan will be confirmed. Counsel for Manthey shall submit an appropriate form of order.